

# In the Court of Criminal Appeals of Texas

No. WR-93,774-01

EX PARTE CHARLES LEE LEVAN, JR.,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. 11625 (A) in the 29th District Court
From Palo Pinto County

YEARY, J., filed a concurring opinion, in which KELLER, P.J., and SLAUGHTER, J., joined.

Applicant was convicted in 2001 of murder and sentenced to thirty-five years' imprisonment. The Eleventh Court of Appeals affirmed his conviction in 2002. *Levan v. State*, 93. S.W.3d 581 (Tex. App.—Eastland 2002, pet. ref'd).

In April 2022, Applicant filed an application for writ of habeas

corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. In his application, he alleges that one or more jurors at trial were biased or prejudiced, that he is actually innocent, that his trial counsel was ineffective, and that the State prosecutor and other officials engaged in misconduct.

Today, the Court remands this application to the trial court to further develop the record. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. Applicant's trial occurred in 2001, but this writ application was not filed until almost twenty-one years later. The record is also silent so far regarding circumstances that may excuse Applicant's delay, and at least some explanation for the long delay in filing should be provided.

Consistent with this Court's precedent, the trial court may, *sua sponte*, give Applicant the opportunity to explain the reasons for the delay. It may also give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims.[1] And

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex.

ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

**FILED:**               May 25, 2022
**DO NOT PUBLISH**

---

Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).